UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BALWINDER SINGH,

           Petitioner,           Case No. 1:26-cv-194

v.                                         Honorable Paul L. Maloney

KEVIN RAYCRAFT et al.,

           Respondents.
_____/

## ORDER

This is a habeas corpus action brought by counsel on behalf of an individual detained by the United States Immigration and Customs Enforcement at the North Lake Processing Center in Baldwin, Lake County, Michigan. In an Opinion and Judgment entered on January 30, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. (Op. & J., ECF Nos. 6, 7.) The Court further directed Respondents to file a status report within six business days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and Judgment. (Op. & J., ECF Nos. 6, 7.)

On February 6, 2026, Petitioner filed an emergency motion to reopen the case pursuant to Federal Rule of Civil Procedure 60(b)[1] (ECF No. 8) and an emergency motion for temporary

---

[1] A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer

restraining order (ECF No. 9) with a supporting declaration (ECF No. 9-1). Later that same day, Respondents filed a status report indicating that a bond hearing had been held on February 6, 2026, and that at the hearing, the Immigration Judge had denied Petitioner bond. (Status Report, ECF No. 10 (citing Immigration Judge Order, ECF No. 10-1).) The Court addresses Petitioner's motions below.

In Petitioner's emergency motion to reopen the case, Petitioner states that he had a bond hearing in Immigration Court on the morning of February 6, 2026, but that at the bond hearing, the Immigration Judge "informed Petitioner and Petitioner's Counsel . . . that they would provide a ruling later, knowing that Petitioner had an individual merits hearing at 1:00 p.m." that same day. (Em. Mot. Reopen, ECF No. 8, Page 2.) Petitioner argues that "[f]ollowing the bond hearing, Petitioner remains detained by ICE, with no bond decision following his bond hearing," and he argues that "[t]hese facts were unavailable at dismissal and fundamentally alter the analysis and Petitioner's request." (*Id.*) In light of this, Petitioner asks the Court to reopen the case under Rule 60(b) and to consider his emergency motion for temporary restraining order. (*Id.*, Page 3.)

In Petitioner's emergency motion for temporary restraining order, Petitioner requests that the Court immediately release Petitioner, stay Petitioner's individual merits hearing, "and/or [stay] removal or transfer of Petitioner, until an Immigration Judge issues a bond decision." (Em. Mot. TRO, ECF No. 9, Page 1.) In support of this relief, Petitioner states that his counsel in his immigration proceedings "was only recently able to review the record of Petitioner's case, and has asked the immigration judge in Petitioner's case to continue the matter briefly to allow for a bond decision in his matter, pursuant to this Court's order," and that "[t]his request has gone unanswered

---

equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

2

. . . as of the time of the filing of this motion." (*Id.*, Page 2.) Further, Petitioner states that as of the time that he filed the motion on February 6, 2026, he "had a bond hearing on 2/6/2026 in theory, but the immigration judge in that matter failed to provide a bond determination decision." (*Id.*) Petitioner argues that "[g]iven the status of Petitioner's case [in the Immigration Court], failing to provide relief to Petitioner in this matter would certainly cause a loss of liberty and the procedural due process matters constitute irreparable harm." (*Id.* (citation omitted).)

In the Court's January 30, 2026, the Court ordered Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. (Op. & J., ECF Nos. 6, 7.) The fifth business day was February 6, 2026. As noted above, on February 6, 2026, Respondents filed a status report, approximately three hours after Petitioner filed the above-discussed motions, indicating that a bond hearing had been held on February 6, 2026, and that bond had been denied. (Status Report, ECF No. 10 (citing Immigration Judge Order, ECF No. 10-1).) Although it is clear that Petitioner would have preferred to have his Immigration Court hearings proceed in a different manner, it appears that Respondents complied with the Court's January 30, 2026, Opinion and Judgment by holding a bond hearing within five business days of the Court's Opinion and Judgment. Under these circumstances, Petitioner fails to show that reopening the case is warranted under Rule 60(b). And, the relief that Petitioner sought in his emergency motion for temporary restraining order was premised on Respondents' failure to hold a bond hearing and issue a bond determination on February 6, 2026, in compliance with this

3

Court's Opinion and Judgment; however, the Immigration Court held a bond hearing and issued a bond order on February 6, 2026, rendering Petitioner's motion and requested relief moot.[2]

Accordingly,

**IT IS ORDERED** that Petitioner's emergency motion to reopen the case (ECF No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's emergency motion for temporary restraining order (ECF No. 9) is **DISMISSED WITHOUT PREJUDICE**.

Dated:  February 17, 2026                                    /s/ Paul L. Maloney
                                                             Paul L. Maloney
                                                             United States District Judge

---

[2] If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the constitutionality of the bond hearing that was held in response to the Court's January 30, 2026, Opinion and Judgment, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.